IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID BRIAN MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-322-R |
| | ) | |
| CARL BEAR, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge David L. Russell has referred the matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the Petition [Doc. No. 1] has been promptly examined, and for the reasons set forth herein, it is recommended that the action be dismissed upon filing for lack of subject matter jurisdiction.

Further, Petitioner filed a Motion to File Immediate Injunction [Doc. No. 7] in which he asserts all inmates should be afforded representation by the courts. The Court construes this motion as one seeking the appointment of counsel and recommends that it be denied as moot.

**I.   Background**

Petitioner is an Oklahoma prisoner in the custody of the Oklahoma Department of Corrections and currently incarcerated at JHCC in Lexington, Oklahoma. Petitioner is serving a

---

[1] Petitioner is a state prisoner incarcerated at the Joseph Harp Correctional Center (JHCC). Petitioner named the United States of America as the Respondent. However, the proper respondent in this habeas action is the state official having custody of Petitioner. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Therefore, Carl Bear, the Warden at JHCC, should be substituted as the proper respondent.

sentence of life imprisonment after his plea of guilty to rape, weapons possession, molestation, and kidnapping in Case No. CF-2010-7695, District Court of Oklahoma County, State of Oklahoma.

Exhibit One of the Petition is an Order Denying Certificate of Appealability in a prior action filed by Petitioner. *Morgan v. Bear*, 652 F. App'x 597 (10th Cir. 2016).[2] The Tenth Circuit first addressed Petitioner's Section 2254 habeas petition, filed in 2014, in which Petitioner challenged his 2011 convictions for kidnapping, rape, and other charges. *Id.* at 598. After the district court dismissed the action as untimely, the Tenth Circuit denied a certificate of appealability. *Id.* (citing *Morgan v. Addison*, No. CIV–14–337–R, 2014 WL 2197995, at *1 (W.D. Okla. May 27, 2014); *Morgan v. Addison*, 574 F. App'x. 852 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 1496 (2015)).

Petitioner then filed another habeas petition in July 2015, which the district court construed as seeking relief under both Sections 2241 and 2254. *Id.*[3] Petitioner's Section 2254 claims were dismissed as unauthorized second or successive claims under 28 U.S.C. § 2244(b). *Id.*

In June 2016, after the Tenth Circuit issued the order attached to Petitioner's present petition, Petitioner filed another habeas petition. Petitioner again raised claims under both Section 2241 and 2254. Order at 2, *Morgan v. Bear*, CIV-16-688-R (W.D. Okla. Nov. 14, 2016). The district court dismissed the Section 2254 claims for lack of jurisdiction because they were second

---

[2] The appeal at issue therein addressed a filing construed as a motion challenging the dismissal of an action pursuant to Fed. R. Civ. P. 60(b), not a habeas action. Its chronology of Petitioner's prior actions, however, is instructive.

[3] Although not referenced in the Tenth Circuit's order, the district court case number for the June 2015 action is CIV-15-782-R. The convictions at issue were again his 2011 rape, molestation, kidnapping, and weapons possession convictions. Petition at 1-2, *Morgan v. Bear*, CIV-15-782-R (W.D. Okla. Aug. 8, 2015).

or successive. *Id.* at 9. The Tenth Circuit subsequently denied authorization to file a second or successive Section 2254 habeas action. *In re: David Brian Morgan*, No. 16-6365 (10th Cir. Dec. 29, 2016).

## II.     Screening Requirement

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Likewise, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue sua sponte at any time. *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see also* Fed. R. Civ. P. 12(h)(3); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006) (Rule 60(b) motion was actually a second or successive § 2254 habeas petition over which the district court "lacked subject matter jurisdiction").

## III.    Grounds for Relief

Petitioner submitted his petition on a form used for writs of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner challenges his March 30, 2011 conviction for rape, weapons possession, molestation, and kidnapping. Pet. 1.[4] As relief, Petitioner seeks to have his judgment vacated, his sentence set aside, and his release from custody. Pet. 21.

Petitioner claims he should be released from custody due to ineffective assistance of counsel, an unduly harsh sentence, violation of due process, "duplicity by prosecution," an unlawfully excessive sentence, fraud on the part of the prosecution, and an issue related to his right of access to courts. Pet. 5-16.

---

[4] Page references to briefs are to the CM/ECF page number.

3

## IV. <u>Analysis</u>

### A. This Court Lacks Jurisdiction Over Any Claims for Habeas Relief

As set forth, Petitioner seeks release from custody in this action. A claim "necessarily challenges the fact or duration of confinement when the remedy sought is the immediate or speedier release from confinement" and "such a claim must be brought under habeas." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

Because Petitioner previously sought federal habeas corpus relief pursuant to § 2254 by attacking the Oklahoma County conviction and sentence in Case No. CF-2010-7695, any current challenge to the conviction and sentence is second or successive. Pursuant to 28 U.S.C. § 2244(b), a petitioner may proceed with a second or successive habeas corpus action under section 2254 in limited circumstances, and "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*. The statutory requirement for prior authorization is jurisdictional. *See Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998) (because the petitioner did not obtain prior authorization to file a successive habeas petition, the district court lacked jurisdiction to decide his unauthorized second petition), *overruled on other grounds by Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006); *see also* 28 U.S.C. § 2244(b)(3)(A).

When faced with a second or successive petition a district court may transfer the action to the Tenth Circuit Court of Appeals for prior authorization if it is in the interests of justice to do so under 28 U.S.C. § 1631. Alternatively, the court may dismiss the petition for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

As set forth above, Petitioner already brought multiple federal habeas actions pursuant to 28 U.S.C. § 2254 challenging his Oklahoma County conviction and sentence in Case No. CF-2010-7695. Petitioner brought a claim of ineffective assistance of counsel in a previous habeas action. *Morgan v. Addison*, No. CIV-14-337-R, 2014 WL 2197995, at *2 (W.D. Okla. May 27, 2014). Petitioner also previously argued that his sentence was unlawfully excessive. Order at 7-8, *Morgan v. Bear*, CIV-16-688-R (W.D. Okla. Nov. 14, 2016). To the extent Petitioner reasserts claims previously raised, those claims must be dismissed. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application that was presented in a prior action shall be dismissed.").

For claims brought by Petitioner for the first time in this action, the Petition contains no allegations which could satisfy the requirements for filing a successive petition. *See* 28 U.S.C. § 2244(b)(2). Although Petitioner cites case law, those cases do not support the position that his claim relies on a new rule of constitutional law as none of them were decided after his conviction. *See* Pet. 5-6, 9-10, 12-14, 15, 20. Therefore, it would not be in the interests of justice to transfer this action to the Tenth Circuit.

Additional considerations governing the discretionary decision to transfer also support this conclusion. *See In re Cline*, 531 F.3d at 1251 (identifying the following considerations: (1) whether the action was filed in good faith or it was clear at the time of filing the action was filed in the wrong court where jurisdiction was lacking; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year limitations period governing federal habeas petitions; and (3) whether the claims are likely to have merit). Petitioner should have known at the time of filing this action that this Court lacks jurisdiction over a successive habeas petition. As shown above, Petitioner has at least twice had petitions denied for being second or successive and

the Tenth Circuit has refused to grant certificates of appealability. Further, a court has already determined that the one-year limitations expired. *Morgan v. Bear*, 652 F. App'x 597 (10th Cir. 2016) (citing *Morgan v. Addison*, No. CIV–14–337–R, 2014 WL 2197995, at *1 (W.D. Okla. May 27, 2014)). Under these circumstances, it is not in the interests of justice to transfer this action to the circuit court pursuant to 28 U.S.C. § 1631. Accordingly, it is recommended that the Petition be dismissed for lack of jurisdiction.

### B. Claims Challenging the Conditions of Confinement

To the extent Petitioner's claims, including his access-to-courts claim, challenge the conditions of his confinement and seek relief pursuant to 42 U.S.C. § 1983 for violations of his civil rights, his claims are not cognizable in a habeas corpus action. *See Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. . . . In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action."). Additionally, a previous filing with this Court demonstrates that he is aware of the proper avenue for pursuing a civil rights action.[5] Moreover, Petitioner has paid only the minimal $5.00 filing fee required of a litigant seeking habeas relief under 28 U.S.C. §§ 2241 or 2254. The filing fee for a 42 U.S.C. § 1983 civil action is significantly higher.

---

[5] *See Morgan v. Addison*, CIV-14-1416-D (W.D. Okla. Dec. 22, 2014) (Petitioner filed a Section 1983 action seeking redress, in part, for lack of access to courts.

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] be dismissed without prejudice to refiling for lack of jurisdiction. Further, the Motion to File an Immediate Injunction [Doc. No. 7] should be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by May 3, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation by electronic mail to the Attorney General of the State of Oklahoma on behalf of Respondent at fhc.docket@oag.state.ok.us.

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERED this 12th day of April, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE